# UNITED STATES DISTRICT COURT

## Middle District of North Carolina

| | | |
|---|---|---|
| BEULAH JOHNSON | ) | |
| Plaintiff, | ) | |
| | ) | 1:06CV960 |
| v. | ) | |
| | ) | **ORDER** |
| KMART CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to transfer venue (docket no. 8). The time for response to the motion has run, but there has been no response. In this posture, the matter is ripe for disposition. For the reasons which follow, the motion will be granted.

This is an employment discrimination case originally filed in the Guilford County Superior Court and removed to this court by Defendants. The complaint does not allege particulars about Plaintiff's residence other than to say that Plaintiff is a resident of North Carolina. Nor does the complaint allege particulars about the location of Plaintiff's employment with Defendant KMart Corporation. Nevertheless, Defendants' motion papers show that Plaintiff lives in Cumberland County, within the eastern district; that the location where she is employed with KMart is in Fayetteville, within the eastern district; that Defendant Bobby Hamilton works and lives within the eastern district; and that all the evidence, documents, and witnesses

expected to be material to the case are located within the eastern district. Those same motion papers point out that the only apparent connection to the middle district is the location of Plaintiff's counsel's office in Greensboro.

As noted, Plaintiff has not filed any opposition to the motion to transfer venue. With the circumstance, this court's local rules provide that "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR7.3. In addition, the court has carefully considered the points and authorities argued in support of the motion, the court is satisfied that those points and authorities are correct, and they are adopted by the court as its own reasons for granting the motion.

Accordingly, the motion to transfer venue (docket no. 8) is GRANTED. The clerk is directed to transfer the case to the eastern district forthwith.

_____
Wallace W. Dixon
United States Magistrate Judge

February 22, 2007

2